IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DWIGHT BARTUNEK, | |
| Petitioner, | 4:06cv3163 |
| vs. | PROGRESSION ORDER |
| ROBERT HOUSTON, | (Habeas Corpus) |
| Respondent. | |

This matter is before the court to facilitate progression of this habeas corpus case filed pursuant to 28 U.S.C. § 2254 by the petitioner, Dwight Bartunek. The respondent has filed an Answer (filing no. 8) and state court records (filing no. 7). The petitioner alleges violations of his constitutional rights in connection with his conviction in the District Court of Hitchcock County, Nebraska, on or about January 21, 2004, of first degree sexual assault of a child.

In his first, second and third grounds for habeas relief, the petitioner alleges claims concerning an involuntary plea and ineffective assistance of trial and appellate counsel. In his fourth through seventh habeas claims, the petitioner alleges defects in state postconviction proceedings.

**Postconviction Proceedings**

As a preliminary matter, the petitioner's fourth through seventh habeas claims must be dismissed because errors and defects in state postconviction proceedings are not cognizable in federal habeas corpus cases. See, e.g., Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (*citing* Jolly v. Gammon, 28 F.3d 51 (8th Cir.), cert. denied, 513 U.S. 983 (1994), *quoting* Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.1990): "[A]n

1

infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); Smith v. Lockhart, 882 F.2d 331, 334 (8th Cir.1989), cert. denied, 493 U.S. 1028 (1990) (failures by state post-conviction court to hold a hearing and provide written findings are not cognizable in federal habeas corpus action).

Thus, relief under 28 U.S.C. § 2254 is available for violations of federal law leading to a criminal conviction in state court or on direct appeal, but not for violations which occur on collateral review. See Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.), cert. denied, 527 U.S. 1056 (1999) (claim of denial of due process in state post-conviction court provided no grounds for federal habeas relief); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (errors and irregularities in state post-conviction proceedings are not cognizable on federal habeas review); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir.), cert. denied 525 U.S. 1024 (1998) (insofar as an alleged constitutional error relates to the state's post-conviction remedy rather than to the judgment of conviction, the alleged error states no cognizable federal habeas claim); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997), cert. denied, 525 U.S. 903 (1998) ("errors concerning [state post-conviction] process are not cognizable in federal habeas proceedings"); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993) (challenge to state "post-conviction procedures on their face and as applied to [petitioner] would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"); Bryant v. Maryland, 848 F.2d 492, 492 (4th Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"). Accordingly, the petitioner's fourth through seventh grounds for habeas corpus relief must be dismissed on the court's own motion.

**Respondent's Affirmative Defenses**

The respondent alleges in his Answer that the petitioner's first, second and third habeas claims have not been exhausted, i.e., fairly presented to the Nebraska appellate courts. In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the United States Supreme Court explained the habeas exhaustion requirement as follows: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round* of the State's established appellate review process" before filing for federal habeas relief. Id. at 845 (emphasis added). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. Id. at 844.

In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005). If a habeas claim has not been presented on the merits all the way through the state's appellate review process and is now barred from such presentation, the claim is "procedurally defaulted," not unexhausted, Akins v. Kenney, 410 F.3d at 456 n.1.

**What the Petitioner Can Do**

The petitioner may show that he did indeed present his first, second and/or third habeas claim(s) to the Nebraska Court of Appeals and the Nebraska Supreme Court, if he can point to the parts of his state-court appellate briefs where he fairly presented those

3


claims. Copies of his briefs have been provided by the respondent to the court in filing no. 7. If the petitioner lacks copies of those records, he may file a Motion for Copies with the court, and copies will be provided without charge.

If the petitioner did not present his first, second and/or third claims all the way through the state appellate courts, then the claim(s) in question may be procedurally defaulted. In that event, the petitioner is entitled to try to make a showing of cause and prejudice to excuse the procedural default.

### Cause and Prejudice to Excuse Procedural Default

The petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the procedural default of any defaulted claim. Akins v. Kenney, 410 F.3d 451, 456 n.1 (8th Cir. 2005). Although the United States Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted. Id.

Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense. See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some

objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

### Review on the Merits

In <u>Niederstadt v. Nixon</u>, 465 F.3d 843 (8th Cir. 2006), the Eighth Circuit Court of Appeals clarified that it is not always possible to determine whether a claim has been "adjudicated on the merits" within the meaning of 28 U.S.C. § 2254(d), which directs this court to apply a deferential standard of review to decisions "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

If this court reaches a constitutional claim which was not adjudicated on the merits by the state courts, the AEDPA deferential standards do not apply, and, in that situation, the federal habeas court conducts a de novo review of the claim. <u>Id</u>., *citing* <u>Pfau v. Ault</u>, 409 F.3d 933, 938-39 (8th Cir. 2005). Therefore, when, as in this case, all state appellate

decisions were by summary affirmance, any party advocating application of the AEDPA deferential standard of review on the merits will have to establish that there was, in fact, some sort of adjudication on the merits by the appellate courts to which this court can defer.[1]

**Briefs**

Therefore, as to the petitioner's first, second and third claims and the issues discussed above, the parties shall submit briefs in accordance with the schedule set forth below.

IT IS ORDERED:

1. That the petitioner's fourth through seventh habeas corpus claims, relating to errors and defects in state postconviction proceedings, are dismissed sua sponte;

2. That by December 29, 2006, each party shall file a brief on the issues

---

[1] See also Brown v. Luebbers, 371 F.3d 458, 460-61 (8th Cir. 2004) (*en banc*): "[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court .... So the first question for us to consider is: what constitutes an adjudication on the merits? From the plain language of the statute and black-letter law, we know that the state court's decision must be a judgment-an adjudication-on a substantive issue-the merits (as compared with a procedural or technical point). A survey of opinions from our sister circuits demonstrates that, beyond these two considerations, resolving the question is not so easy. One thing is clear-no court has established bright-line rules about how much a state court must say or the language it must use to compel a § 2254 court's conclusion that the state court has adjudicated a claim on the merits. That is as it should be, given one court's difficulty in divining the thought processes of another based only on language being used in certain ways, not to mention the comity issues that would be raised. Cf. Coleman v. Thompson, 501 U.S. 722, 739 ... (1991) (noting in discussion of procedural default in state habeas cases that the Court has 'no power to tell state courts how they must write their opinions' so that reviewing 'federal courts might not be bothered with reviewing state law and the record in the case'). We must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court."

discussed above;

      3.    That by January 29, 2007, each party shall file a brief in response to the other party's brief;

      4.    That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court record and the briefs.

DATED this 22nd day of November, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge