IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DWIGHT BARTUNEK, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ROBERT HOUSTON, )<br>)<br>Respondent. ) | 4:06cv3163<br><br>MEMORANDUM AND ORDER |

This matter is before the court on filing no. 17, the petitioner's Motion for Appointment of Counsel. In filing no. 17, the petitioner informed the court that he was receiving virtually no assistance from his prison legal aide. The court inquired of the respondent as to prison policies regarding access to the courts and assistance in such matters as legal research and typing legal materials for inmates who have habeas corpus and similar pending legal matters (filing no. 19). The respondent has produced and described the applicable policies (filing no. 20).

It appears from filing no. 20 that the Nebraska Department of Correctional Services ("DCS") maintains a self-help policy providing at least a minimal degree of assistance from inmate legal aides who have various levels of training and willingness to assist their "clients." Theoretically, a prisoner such as the petitioner can request, through a grievance, assistance from another legal aide if dissatisfied with whatever aid he or she is receiving. However, there appears to be no guarantee that any additional help will be forthcoming or that any respect for the deadlines faced by the prisoner requesting assistance will be honored.

The adequacy of the legal assistance program is not presently before this court.

1

However, the court can, and will, extend to the petitioner all the time he needs to present his initial brief (within reason). The respondent has now filed his initial brief (filing no. 18) which will give the petitioner a starting point for his own brief. The court also filed a Progression Order (filing no. 12)[1] providing some guidance regarding the respondent's affirmative defense of procedural default and the bases for excusing procedural default.[2]

---

[1] One of the cases cited in the Progression Order on November 22, 2006 (filing no. 12) has since been vacated, i.e., Niederstadt v. Nixon, 465 F.3d 843 (8th Cir. 2006), *rehearing en banc granted, opinion vacated* (Dec 13, 2006). However, another decision cited in the same Order remains valid for the same point. See Brown v. Luebbers, 371 F.3d 458, 460-61 (8th Cir. 2004) (*en banc*). The point made is that it is not always possible to determine whether a habeas claim has been "adjudicated on the merits" within the meaning of 28 U.S.C. § 2254(d), which directs this court to apply a deferential standard of review to decisions "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). Accord Pfau v. Ault, 409 F.3d 933, 938-39 (8th Cir. 2005).

[2] The petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the procedural default of any defaulted claim. Akins v. Kenney, 410 F.3d 451, 456 n.1 (8th Cir. 2005). Although the U.S. Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted. Id.

Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense. See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

Therefore, with the assistance of the court's Progression Order, as amended herein, the respondent's brief, the legal aide program as explained in filing no. 20, and an extension of thirty (30) additional days from the date of this Order, the petitioner should be able to prepare an initial brief without appointment of counsel. Filing no. 17 is denied.

SO ORDERED.

DATED this 5th day of June, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

---

Finally, "[p]etitioner's claim may still be reviewed in [a] collateral proceeding if he can establish that the constitutional error in his [state proceeding] 'has probably resulted in the conviction of one who is actually innocent.'... To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998), citing Schlup v. Delo, 513 U.S. 298, 327-28, (1995) (internal quotation marks omitted). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. However, no claim of factual innocence may be considered before any other basis for relief. See Dretke v. Haley, 541 U.S. 386, 393-94 (2004).