IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DWIGHT BARTUNEK | ) | 4:06CV3163 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Dwight Bartunek's ("Bartunek") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) After initial review, and the dismissal of four of Bartunek's seven claims, the parties were ordered to submit briefs on the merits of Bartunek's three remaining claims. (Filing No. 12.) The parties have submitted briefs as ordered (filing nos. 18 and 29) and Respondent has also submitted state court records. (Filing No. 7.)

Liberally construing the allegations of Bartunek's Petition and his Brief on the merits (filing no. 29), Bartunek argues that his Petition should be granted because:

1. Bartunek's conviction was obtained by a plea of "no contest" which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the charge because Bartunek understood that he would be found guilty of second degree sexual assault rather than first degree sexual assault ("Claim One").

2. Bartunek's trial and appellate counsel was ineffective because he failed to adequately investigate the charges, failed to file a proper

>motion to suppress, coerced the "no-contest" plea, and failed to assign and argue Claim One on direct appeal ("Claim Two").

>3. Bartunek was "constructively" denied counsel on direct appeal because the trial court did not replace trial counsel on direct appeal and therefore "no ineffective assistance of counsel claims" could be made to the Nebraska Court of Appeals on direct appeal ("Claim Three").

(Filing No. 1 at CM/ECF pp. 5-6.)[1]

## I. BACKGROUND

On January 21, 2004, Petitioner pled no contest to one count of First Degree Sexual Assault, a class II felony, pursuant to a plea agreement. (Filing No. 7, Attach. 9, at CM/ECF pp. 14-17.) Petitioner was thereafter sentenced to serve 15 to 20 years for that conviction. (*Id.* at CM/ECF pp. 18-21.) On direct appeal, the only issue raised by Petitioner was that his sentence was excessive. (Filing No. 7, Attach. 3, at CM/ECF p. 4.) Petitioner's sentence was summarily affirmed by the Nebraska Court of Appeals without opinion. (Filing No. 7, Attach. 12, at CM/ECF pp. 1-2.) No petition for further review was submitted to the Nebraska Supreme Court. (*Id.*)

On February 7, 2005, Petitioner filed a pro se Verified Motion for Postconviction Relief ("Post Conviction Motion") in the District Court of Hitchcock

---

[1]In its November 22, 2006 Order, the court dismissed Petitioner's claims four through seven because those claims related to "errors and defects in state postconviction proceedings" which are not cognizable claims in a federal habeas corpus action. (Filing No. 12 at CM/ECF pp. 1, 6.) Although Petitioner discusses claims four through seven in his Brief, the court will not revisit those dismissed claims.

County, Nebraska. (Filing No. 7, Attach. 11, at CM/ECF pp. 33-45.) In his Post Conviction Motion, Petitioner generally asserted Claims One and Two. (*Id.*) On February 17, 2005, the District Court of Hitchcock County, Nebraska denied Petitioner's Post Conviction Motion without an evidentiary hearing and also denied the appointment of counsel. (*Id.* at CM/ECF p. 46.) In its order, the Hitchcock County, Nebraska District Judge stated that Petitioner was not entitled to post-conviction relief because Petitioner's counsel "performed as well as any attorney with skill in this area of the law." (*Id.*)

Petitioner appealed the post conviction ruling and the Hitchcock County District Judge appointed counsel for the appeal. (*Id.* at CM/ECF p. 4.) On appeal, Petitioner (now represented by counsel)[2] assigned three errors: that the Hitchcock County District Court erred by failing to appoint counsel, erred by failing to grant an evidentiary hearing prior to denying post-conviction relief, and erred by failing to grant postconviction relief pursuant to the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. (Filing No. 7, Attach. 5, at CM/ECF pp. 1-6.) Although Petitioner assigned these three errors generally, in his brief, Petitioner specifically argued the merits of Claims One and Two. (*Id.* at CM/ECF pp. 9-24.)

The Nebraska Court of Appeals summarily affirmed the Hitchcock County, Nebraska District Court's decision without opinion. (Filing No. 7, Attach. 8, at CM/ECF p. 2.) Petitioner then filed a "Petition for Further Review" with the Nebraska Supreme Court, and also generally argued the merits of Claims One and Two. (Filing No. 7, Attach. 7, at CM/ECF pp. 1-10.) The petition for further review was overruled without opinion. (Filing No. 7, Attach. 8, at CM/ECF p. 3.) Petitioner then filed this action on July 6, 2006. (Filing No. 1.)

---

[2]None of Petitioner's claims in this habeas corpus action relate to his appointed post-conviction appellate counsel.

## *II.  STANDARD OF REVIEW*

Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court is bound by the state courts' findings on questions of fact unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399.

If this court reaches a constitutional claim which was not adjudicated on the merits by the state courts, the AEDPA deferential standards do not apply, and, in that situation, the federal habeas court conducts a de novo review of the claim. *Pfau v. Ault*, 409 F.3d 933, 938-39 (8th Cir. 2005). Therefore, when all state appellate decisions were by summary affirmance, and it is questionable whether there is an adjudication on the merits by the appellate courts to which this court can defer, the review is de novo. *Id.*; *see also Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state

court."). Here, none of Petitioner's claims were clearly adjudicated on the merits in state court. The court therefore conducts a de novo review of Petitioner's claims.

### III. ANALYSIS

#### A. Procedural Default

As set forth in 28 U.S.C. § 2254(b)(1),

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.* Additionally, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Where a state's highest court refuses to consider a federal claim on the merits because the petitioner failed to comply with a state procedural rule, the petitioner's procedural default bars federal habeas review if the state court's procedural ruling is independent of the federal question and adequate to support the judgment. *Lee v. Kemna*, 534 U.S. 362, 375 (2002); *accord Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) ("We have applied the independent and adequate state ground doctrine not only in our own review of state court judgments, but in deciding whether federal district courts should address the claims of state prisoners in habeas corpus actions.

The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds.")

The Nebraska appellate courts have long operated under the rule that "[a]ny party who fails to properly identify and present its claim does so at its peril." *In re Guardianship & Conservatorship of Larson*, 708 N.W.2d 262, 275 (Neb. 2006). Further, "an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error." *Cole v. Isherwood*, 716 N.W.2d 36, 42 (Neb. 2006) (emphasis added).

Although perhaps not the most artfully drafted, Bartunek raised Claims One and Two in his pro se Post Conviction Motion filed in the Hitchcock County, Nebraska District Court. (Filing No. 7, Attach. 11, at CM/ECF pp. 33-45.) Petitioner's assignment of error in the Nebraska Court of Appeals is very general, but does include Claims One and Two. (Filing No. 9, Attach. 3b, at CM/ECF pp. 18-28.) Further, the parties argued Claims One and Two in their briefs to the Nebraska Court of Appeals. (Filing No. 7, Attachs. 5 and 6.) The same is true of the Petitioner's brief to the Nebraska Supreme Court regarding his petition for further review. (*Id.*, Attach. 7.) Neither court issued an opinion, and it is therefore impossible to know the basis for the decisions by those courts. Although it is a close question, on this record, it cannot be said that the Nebraska state courts refused to consider Petitioner's Claims One and Two because of a state procedural rule. In light of this, Petitioner's Claims One and Two are not procedurally defaulted.

However, Petitioner never raised Claim Three in a Nebraska state court proceeding. Petitioner asserts that the "court knew or should have known of the need for petitioner" to raise the issue of ineffective assistance of counsel on direct appeal. (Filing No. 1 at CM/ECF p. 6.) Where trial and appellate counsel are the same

-6-

individual, the appropriate procedural vehicle for raising ineffective assistance of trial counsel claims is a post conviction action. *Sweet v. Delo*, 125 F.3d 1144, 1151 n. 8 (8th Cir. 1997). Therefore, Petitioner's trial counsel had no obligation to raise his own "ineffectiveness" on direct appeal and the trial court had no obligation to appoint new counsel for that purpose. Petitioner failed to raise the issue in his post conviction motion and briefs. Claim Three is procedurally defaulted and is therefore dismissed.

### B.     The Merits of Bartunek's Remaining Claims

#### 1.     Claim One–Voluntariness of Petitioner's No-Contest Plea

Summarized, Petitioner's Claim One states that his plea of "no contest" was not voluntary because Petitioner understood that he was pleading no contest to one count of second degree sexual assault rather than one count of first degree sexual assault. (Filing No. 1 at CM/ECF p. 5.) As a matter of due process, a guilty plea must be both knowing and voluntary because such a plea constitutes a waiver of several constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). In *Boykin*, the Supreme Court reversed plea-based convictions because the record did not affirmatively show that the defendant had entered the pleas voluntarily and intelligently, with the knowledge that the pleas waived the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront accusers. *Id.* at 243-44. The Court concluded that a waiver of those important federal rights may not be presumed from a silent record. *Id.* at 243. Therefore, to pass constitutional muster, the record must affirmatively disclose that a defendant entered his plea voluntarily, intelligently and knowingly.

Stated another way, in order for a no-contest plea to be valid, it must "represent[] a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Wilcox v. Hopkins*, 249 F.3d 720, 724 (8th Cir. 2001); *see also Country v. Foster*, 806 F.2d 182, 183-84 (8th Cir. 1986). Further, "[a] defendant

must have knowledge of the law in relation to the facts." *Easter v. Norris*, 100 F.3d 523, 525 (8th Cir. 1996). It is sufficient notice for a court to recite the elements of the crime to which a defendant is pleading guilty, provided that the recitation imparts "adequate information" to the defendant. *Id.* at 526. Simply put, a defendant must "know[] of and understand the charge." *Id.* at 525.

Here, the evidence overwhelmingly supports a finding that Bartunek's no-contest plea was knowing and voluntary. During both his arraignment and his change of plea hearing, Bartunek was advised that first degree sexual assault is a Class II felony, which "is punishable by a maximum of fifty years" imprisonment. (Filing No. 7, Attach. 1, at CM/ECF pp. 3, 19.) At his arraignment, Bartunek was advised that he was charged with two counts of first degree sexual assault and one count of second degree sexual assault. (*Id.* at CM/ECF pp. 6-7.) At the change of plea hearing, Bartunek was again advised of the charges and advised by the Hitchcock County, Nebraska District Judge that "the state will dismiss Count I and II and that Hamilton County will dismiss their charges, if you enter a plea of guilty to Count III." (*Id.* at CM/ECF p. 19.) Bartunek acknowledged that he understood. The following colloquy then took place:

| | |
|---|---|
| The Court: | And Count III is what is called first degree sexual assault; do you recall that? |
| Mr. Bartunek: | I guess. |
| The Court: | And first degree sexual assault is a Class II felony and that Class II felony is punishable by a maximum of fifty years in the Penal & Correctional Complex at Lincoln, Nebraska; you understand that? |
| . . . | |
| Mr. Bartunek: | Yeah. |

(*Id.*)

Bartunek's argument that his plea was not voluntary because he thought he was pleading no contest to second degree sexual assault, rather than first degree sexual assault, is simply not supported by the record.[3] This argument rests on the fact that, at two different points during the change of plea hearing, the prosecutor and Bartunek's counsel referenced "second degree sexual assault." (*Id.* at CM/ECF pp. 17, 29.) As set forth above, there is no question that Mr. Bartunek understood that he was pleading no contest to one count of first degree sexual assault and that he understood that at least three other charges in two separate counties would be dismissed in return for that plea. The district judge unambiguously stated that the charge to which Bartunek was pleading no contest was first degree sexual assault, for which he could be sentenced up to fifty years.

Moreover, during the change of plea hearing, Bartunek was advised of each of the elements of the crime to which he was pleading no contest. In particular, Bartunek was advised that the charge to which he was pleading no contest stated that he:

> [K]nowingly and intentionally subject[ed] another person . . . a minor child, thirteen years of age, to sexual penetration, a) without the consent of the victim, or b) who knew or should have known that he victim was mentally or physically incapable of resisting or appraising the nature of his or her conduct or, c) when the actor is nineteen years of age or older and the victim is less than sixteen years of age.

---

[3]Importantly, Bartunek does not claim that his plea was involuntary because he was not informed of his rights in accordance with *Boykin*. However, even if Bartunek asserted this claim, it would fail. The record is clear that Bartunek was informed on the record that his no-contest plea waived his rights to a jury trial, to confront witnesses against him, to present evidence, and to be free from self-incrimination under the Fifth Amendment. (Filing No. 7, Attach. 1, at CM/ECF pp. 21-24.) Bartunek understood those rights and affirmed his understanding on the record. (*Id.*)

(*Id.* at CM/ECF pp. 33-34.) After hearing this charge read aloud, Bartunek audibly pled "no contest." (*Id.* at CM/ECF p. 34.) The prosecutor then submitted the factual basis for the plea, which consisted of the deposition of the victim, the arrest warrant affidavit, and the search warrant affidavit. (*Id.* at CM/ECF pp. 35-36.) These documents were made part of the record but were not read aloud during the change of plea hearing. However, the prosecutor summarized the documents during the hearing and stated "that if this were to go to trial that the evidence would show that . . . between the dates of August 8th, 2003, and August 9th, 2003, in Hitchcock County at the defendant's residence in Trenton, Nebraska, that he did have–subject another person, that being Staci Feik, whose date of birth is 12-22-89, to sexual penetration." (*Id.* at CM/ECF p. 37.) The evidence submitted supports this summary, and even though Bartunek understood but "disagree[d] with some of the factual basis," he still pled no contest. (*Id.* at CM/ECF p. 36; Attach. 2.)

Bartunek stated at his change of plea hearing that he wished to plead no contest and proceed with the plea agreement because he "just want[ed] to do what's right," to "take advantage of the plea bargain," and that nobody "put any pressure on" him to plead guilty. (*Id.* at CM/ECF pp. 25, 27.) Bartunek clearly had "knowledge of the law in relation to the facts" as a result of the change of plea hearing. It is equally clear that he chose the no-contest plea as a "voluntary and intelligent" choice between two alternatives–going to trial on several counts of sexual assault in two different counties or pleading no contest to one count of first degree sexual assault in Hitchcock County. This is true despite Bartunek's disagreement with some of the factual basis of the plea. (*Id.* at CM/ECF p. 29.) In light of the record before the court, Bartunek understood the charge against him and the consequences of his no-contest plea. Claim One is therefore dismissed.

### 2. Claim Two–Ineffective Assistance of Counsel

For his Claim Two, Bartunek claims that trial and appellate counsel was ineffective because he failed to adequately investigate the charges, failed to file a motion to suppress, coerced the "no-contest" plea, and failed to assign and argue Claim One on direct appeal. (Filing No. 1 at CM/ECF pp. 6.) A claim of ineffective assistance of counsel is reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In particular, *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced his defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. 668, 689 (1984). In addition, "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

Here, there is nothing in the record indicating that Bartunek's counsel was ineffective or unreasonable. At the change of plea hearing, Bartunek's counsel specifically requested that the district judge reiterate the details of Bartunek's constitutional rights. (Filing No. 7, Attach. 1, at CM/ECF pp. 24-26.) Bartunek stated that he was not pressured or forced into the plea agreement. (*Id.* at CM/ECF p. 25.) It is obvious that Bartunek's trial counsel was concerned about Bartunek's pain and whether that pain would have any effect on the voluntariness of his confession. Bartunek's counsel, the district judge, and Bartunek engaged in a seven-page colloquy regarding the reasons for Bartunek's plea. (*Id.* at CM/ECF pp. 25-31.) This colloquy reveals that Bartunek's counsel took several depositions, that a motion to suppress was on file at the time of the plea,[4] that Bartunek and his counsel discussed the plea bargain on more than one occasion, and that Bartunek was not coerced or pressured into pleading no contest. (*Id.*; Attach. 11, at CM/ECF p. 26.) The colloquy also reveals that Bartunek did not plead no contest to the charges because of some failure of his trial counsel. (*Id.*)

Further, Bartunek's counsel's failure to challenge the voluntariness of the no-contest plea on direct appeal does not establish prejudice. *See, e.g., Wilcox v. Hopkins*, 249 F.3d 720, 724 (8th Cir. 2001) ("Because Wilcox's plea was knowing and voluntary, he cannot establish that the result of his direct appeal would have been different if appellate counsel had challenged the plea."). As set forth above, Bartunek's no-contest plea was knowing and voluntary. There is no evidence that Bartunek's trial counsel's performance was deficient or that Bartunek was prejudiced by any action taken by his trial counsel. Claim Two is also dismissed.

---

[4]The motion to suppress was filed by the public defender prior to Mr. Bartunek's retaining his private trial counsel. Regardless of who filed it, the motion was pending at the time of the change of plea hearing.

IT IS THEREFORE ORDERED that:

1. Petitioner Dwight Bartunek's Petition for Writ of Habeas Corpus is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

March 27, 2008.                BY THE COURT:


                               s/ Joseph F. Bataillon
                               Chief United States District Judge